Calvin M. Frazier, Ed.D. Commissioner, Colorado Department of Education State Office Building 201 East Colfax Denver, Colorado 80203
Dear Commissioner Frazier:
After reviewing your letter of July 20, 1977, and the relevant statutory and constitutional provisions, it is my opinion that the State Board of Education may appoint any person, including a former member of the Board, to any position under its control.
QUESTIONS PRESENTED AND CONCLUSIONS
1. May the State Board of Education appoint any person, including a former member of the board to any position under its control?
My conclusion is "yes."
2. Who is constitutionally authorized to fill vacancies on the State Board of Education, the Governor or the State Board?
 The question is a difficult one, and an interrogatory to the Supreme Court may be appropriate to resolve the issue for the future. However, it is my opinion that the Governor's constitutional power of appointment must be respected absent a clear delegation of authority, such as that contained in Article V, Section 2, concerning vacancies in legislative offices. In the absence of such an authoritative solution, it is my strong recommendation that the Board and the Governor confer and agree upon a nominee to serve on the Board in the interim pending Senate confirmation, pursuant to Article IV, Section 6.
ANALYSIS
The provisions of Article IX of the Colorado Constitution, and particularly Section 1 thereof, do not in any way limit the power of the Board to make such appointments. See also, C.R.S. 1973, 22-2-107(1)(b) and (e). Since the case ofBoard of Education v. Spurlin, 141 Colo. 508, 349 P.2d 357
(1960), established that the professional employees of the State Board of Education may be exempt from the State Personnel System and Section 13(2) of Article XII of the Colorado Constitution provides for an exemption of "such administrators . . . as may be exempt by law," such an appointment would be solely within the discretion of the Board if it were to make the requisite determination under C.R.S. 1973,22-2-104. Thus, the manner of advertisement for the position and the form of appointment are not at issue. Moreover, insofar as there is no prior agreement concerning the Board's appointment of a current member of the Board, and the member resigns unconditionally prior to any formal discussion of or vote on the appointment, there is no apparent conflict of interest in the appointment of a former member of the Board. See, C.R.S. 1973, 18-8-401, et seq. Of course, it is critical to the exercise of any official function that any appearance of impropriety be avoided. Accordingly, it is essential that no formal discussion of the potential appointment occur until the Board member in question has resigned from the Board unconditionally.
In reviewing the question submitted by your letter of July 20, 1977, I have discovered a troublesome question of statutory and constitutional interpretation which the Board should consider before acting in this matter. In case of vacancies, Article IV, Section 6 of the Colorado Constitution provides for the Governor to appoint officers whose offices are created by the constitution unless "otherwise provided for." Article IX, Section 1 does not provide for any alternative method for filling vacancies on the State Board of Education. However, C.R.S. 1973, 22-2-105(5) purports to authorize that the remaining members of the Board fill such vacancies. The question posed is whether, in the absence of a specific constitutional vacancy provision, the legislature may by statute remove the gubernatorial power of appointment contained in Section 6 of Article IV.
I trust that this brief memorandum will serve to advise the Board as to an appropriate course of conduct. If additional advice is required pursuant to discussions of the Board, I will be happy to respond, either orally or in writing. Such questions may be addressed either to me directly or to Joseph N. de Raismes, First Assistant Attorney General, who will be coordinating our response.
SUMMARY
The State Board of Education may appoint a former board member to a position under its control. There is some question whether the Governor or the State Board is constitutionally authorized to fill vacancies on the State Board of Education.
Very truly yours,
 J.D. MacFARLANE Attorney General
EDUCATION PUBLIC OFFICERS GOVERNOR
C.R.S. 1973, 22-2-104
C.R.S. 1973, 22-2-107
C.R.S. 1973, 18-8-401
Colo. Const. art. IX
Colo. Const. art. IV, § 6
EDUCATION, DEPT. OF Administration
The State Board of Education may appoint a former Board member to a position under its control. There is some question whether the Governor or the State Board is constitutionally authorized to fill vacancies on the State Board of Education.